ACCEPTED
09-17-00258-CR
NINTH COURT OF APPEALS
BEAUMONT, TEXAS
12/11/2017 5:14 PM
CAROL ANNE HARLEY
CLERK

NO. 09-17-00258-CR

IN THE COURT OF APPEALS FOR THE

9TH JUDICIAL DISTRICT OF TEXAS

AT BEAUMONT

FILED IN
9th COURT OF APPEALS
BEAUMONT, TEXAS

12/11/2017 5:14:08 PM

CAROL ANNE HARLEY
Clerk

**MICHAEL RICHARD BOSWELL, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

Arising from:

Cause No. 16-09-10821-CR

In the 435th District Court of

Montgomery County, Texas

Michael A. McDougal

Lawyer for Michael Richard Boswell

SBN 13570000

417 W. Lewis, Conroe, Texas 77301

936-756-1960; Fax: 936-756-1998

**ORAL ARGUMENT IS NOT REQUESTED**

## IDENTITY OF PARTIES AND COUNSEL

Pursuant to Tex. R. App. P. 38.1(a), the names of all parties to the judgment and the names and addresses of all trial and appellate counsel:

Michael Richard Boswell          Appellant

TDCJ No. 02143419

Goree Unit

7405 Highway 75 South

Huntsville, Texas 77344


Brett Ligon                      District Attorney

207 W. Phillips

Conroe, Texas 77301


Wesley Larouax                   Prosecuting Attorney in trial court

207 W. Phillips

Conroe, Texas 77301


Bill Delmore                     Prosecuting Attorney in appellate court

207 W. Phillips

Conroe, Texas 77301


i

Jay Wright                          Appellant's trial counsel

204 W. Davis

Conroe, Texas 77301


Michael A. McDougal                 Appellant's appellate counsel

417 W. Lewis

Conroe, Texas 77301

## TABLE OF CONTENTS

INDEX OF AUTHORITIES                                             iv

STATEMENT OF THE CASE                                           1

POINT OF ERROR                                                  2

      THE APPELLANT DID NOT RECEIVE THE EFFECTIVE

           ASSISTANCE OF COUNSEL

      STANDARD OF REVIEW                                 2

      FACTS OF THE CASE                                  3

      ARGUMENT                                           4

CONCLUSION AND PRAYER                                           5

CERTIFICATE OF COMPLIANCE                                       6

CERTIFICATE OF SERVICE                                         6

# INDEX OF AUTHORITIES

## CONSTITUTIONS

United States Constitution

    Sixth Amendment                                             2, 4

    Fourteenth Amendment                           3

Texas Constitution

    Article 1, Section 10                                 2, 4

## STATUTES

    Article 1.05, Tex. Code Crim. Pro.                2

    Section 12.42, Tex. Penal Code                   3

## CASES

    *Butler v. State*, 499 S.W.2d 136 (Tex. Crim. App. 1973)     3

    *Byrd v. State*, 421 S.W.2d 975 (Tex. Crim. App. 1967)     3

    *Dugger v. State*, 543 S.W.2d (Tex. Crim. App. 1976)     3

    *Ex Parte Duffy*, 607 S.W.2d 507 (Tex. Crim. App. 1980)     3

    *Strickland v. Washington*, 466 U.S. 668 (1984)     2

## STATEMENT OF THE CASE

Appellant was charged by indictment with unlawful possession of firearm by felon. He pleaded guilty and left the punishment up to the trial judge after a sentencing hearing. Prior to Appellant's plea of guilty, his trial counsel had filed a Motion to Suppress. However, trial counsel did not pursue the Motion, nor did he request or have a hearing on it before the trial judge.

After Appellant was sentenced, he duly filed his notice of appeal.

POINT OF ERROR

THE APPELLANT DID NOT RECEIVE THE EFFECTIVE ASSISTANCE OF COUNSEL

STANDARD OF REVIEW

The Sixth Amendment to the United States Constitution provides:

"In all criminal prosecutions, the accused shall enjoy . . . the Assistance of Counsel for his defense."

Article 1, Section 10 of the Texas Constitution provides:

"In all criminal prosecutions the accused shall . . . have the right of being heard by himself or counsel, or both . . ."

Article 1.05, Texas Code of Criminal Procedure provides:

" In all criminal prosecutions the accused shall have . . . the right of being heard by himself or counsel, or both . . ."

In *Strickland v. Washington*, 466 U.S. 668 (1984), the United States Supreme Court established the two-part test for an ineffective assistance of counsel claim: (1) Counsel's performance must fall below an objective standard of reasonableness and Counsel's performance must give rise to a reasonable probability that if counsel had performed adequately, the result would have been different.

In Texas, the Court of Criminal Appeals has addressed this issue and established several additional factors to those set forth in *Strickland*: the constitutional right to counsel does not mean errorless counsel, and whether

2

counsel is employed or is court-appointed, his competency or the adequacy of his representation is not to be judged in hindsight, *Byrd v. State*, 421 S.W.2d 975 (Tex. Crim. App. 1967); an indigent's right to counsel means the right to effective counsel, *Butler v. State*, 499 S.W. 2d 136 (Tex. Crim. App. 1973); and the quality of the representation is to be judged by the totality of the representation. *Dugger v. State*, 543 S.W.2d 374 (Tex. Crim. App. 1976).

The standard of "reasonably effective assistance of counsel" is used to test the adequacy of representation afforded an accused by retained as well as appointed counsel when performance is to be judged by the Sixth Amendment right to assistance of counsel made applicable to the states by the Fourteenth Amendment and by the "right to be heard" provision of the State Constitution. *Ex Parte Duffy*, 607 S.W.2d 507 (Tex. Crim. App. 1980).

## FACTS OF THE CASE

On December 8, 2016, the Appellant was indicted for the third degree felony of unlawful possession of firearm by felon. This charge was enhanced with the Appellant's two prior felony convictions {CR 20}, which made Appellant's punishment range from 25 to Life in the Texas Department of Corrections Institutional Division. Section 12.42(d), Tex. Penal Code.

On February 27, 2017, Appellant's court-appointed lawyer, Jay Wright, {CR 9} filed a Motion to Suppress Statements and Evidence Resulting from Illegal Arrest. {CR 26} An Order Setting Hearing was included on the Motion but was not

3

set or signed by the trial judge. {CR 28} An Order on Motion to Suppress was also filed by the trial lawyer, but, again, does not evidence that the trial judge made a ruling on it {CR 30}. The record of the court-reporter does not show that there was a hearing on the Motion to Suppress; the only thing the reporter's record shows is that the Appellant pled guilty to the indicted offense and pled true to the two enhancement paragraphs on May 4, 2017 and the case was re-set for a sentencing hearing June 21, 2017. {RR2 5} On June 22, 2017, after hearing the evidence and arguments of counsel, the trial judge sentenced the Appellant to 25 years in the Texas Department of Corrections Institutional Division. {RR3 6-7}

ARGUMENT

The Appellant's assertion that he did not receive the effective assistance of counsel, under the Sixth Amendment to the United States Constitution and Article 1, Section 10 of the Texas Constitution, is founded on the fact that even though his trial counsel submitted a Motion to Suppress, he failed both in not getting a hearing date it on it nor having the trial judge hear the facts and circumstances of the search and making a determination as to its legality. No where in the record does it show why the Motion to Suppress was not heard or ruled on. The reporter's record only reflects that a sentencing hearing was held after the Appellant had pled guilty to an enhanced indictment as well as "true" to the convictions which led to the enhancement. There is simply no explanation any where to be found which reflects any justifiable reason trial counsel chose not to have the judge rule on the Motion to Suppress. In light of the fact that a favorable decision by the trial judge would have resulted, in all likelihood, in a

4

dismissal of the indictment.  Additionally, there should be some evidence in the record that shows, that even though trial counsel thought it wise to file a suppression motion, he chose not to pursue it and have the trial record reflect his reasons therefore.

Simply put, the Appellant submits that a hearing on his Motion to Suppress should have been held as he had absolutely nothing to lose by having a hearing. Appellant therefore submits that this Court should grant him a new trial and allow him to pursue his Motion to Suppress.

## CONCLUSION AND PRAYER

Counsel for Appellant prays that the Court grant the Point of Error and find that Appellant did not receive the effective assistance of counsel, abandon his sentence and return his case to the trial court so that he may pursue his Motion to Suppress.

## CERTIFICATE OF COMPLIANCE WITH RULE 9.4

I hereby certify that this document complies with the requirements of Tex. R. App. P 9.4(2)(b). There are 833 words in this document, excluding those portions that need not be counted under the rule, as calculated by the Microsoft Word software.

_____

Michael A. McDougal

## CERTIFICATE OF SERVICE

I hereby certify that I have hand-delivered a true and correct copy of the Appellant's Brief to the office of the Montgomery County District Attorney, attention: Bill Delmore, on December 11, 2017.

_____

Michael A. McDougal

6